JEREMIAH D. POINIER, PLAINTIFF IN ERROR, v. STATE, EX REL. JACOB I. SCHMIDT, DEFENDANT IN ERROR.

The act of the legislature of February 10th, 1881, (*Pamph. L.* 1881, *p.* 19,) entitled "An act to reduce the expenses of public road boards and place them under the control of the boards of chosen freeholders of the several counties of this state," is constitutional, and the effect of said act is to confirm the title of all incumbents of the office of commissioners of road boards, whether elected by the people or the boards of chosen freeholders under any general or special law.

---

In error to the Supreme Court.

VOL. XV. 2 E

For the plaintiff in error, *J. W. Taylor*.

For the defendant in error, *B. C. Potts*.

The opinion of the court was delivered by

THE CHANCELLOR. The controversy in this case is be-
tween parties who claim the same office of commissioner of
the Essex public road board. The proceeding is an informa-
tion in the nature of a *quo warranto*. The information alleges
that the term of 'John Hunkele, as commissioner, expired in
January, 1880, and that the relator was duly elected to fill
the vacancy, at the general election held in the month of No-
vember preceding, and duly qualified by taking the requisite
oath, &c., and it claims that he was thereupon entitled to hold
the office for the term of two years from the first Monday in
January, 1880. The plea denying the relator's title alleges
that on the first Monday in January, 1880, the defendant
being a member of the board of chosen freeholders of the
county and duly qualified, was duly elected by that board to
fill the vacancy occasioned by the expiration of Hunkele's
term, and that he thereupon duly qualified accordingly and
entered upon the duties of the office, and continued to dis-
charge them until the expiration of his term of office as chosen
freeholder; that at the charter election of the city of Newark
in October, 1879, he was duly elected chosen freeholder for a
term of one year from the second Wednesday in May, 1880,
and on the last-mentioned day duly qualified and entered on
the duties of that office accordingly, and that he was then
duly elected by the board of chosen freeholders to be a. com-
missioner of the road board to fill the vacancy occasioned by
the expiration of. his term as commissioner, and that he duly
qualified and entered. on the duties of the office of commis-
sioner accordingly, and was actually serving as such when the
information was filed, his term not having then expired. To
the plea the attorney-general demurred and the demurrer was
sustained. From the judgment the writ of error was brought.
The court below regarded the case as one to which its de-

cision in *State, ex rel. Richards*, v. *Hammer*, 13 *Vroom* **437,** was applicable, and therefore, for the reasons stated in the opinion in that case, ordered judgment for the relator against the defendant. That view is erroneous. The cases are not alike, and the principles on which the one was decided will not determine the other. In that case the defendant was in office and claimed title only by virtue of an act which the court held to be unconstitutional, as contravening the spirit of that provision of the constitution which prohibits the enactment of any local or special law regulating the internal affairs of towns and counties. *Const., Art. IV.,* § 7, *pl.* 11. The Essex Public Road Board act was passed in 1869. In 1876 the legislature passed an act " concerning road boards," purporting to be a general law, and providing for the organization of road boards in counties having upwards of seventy-five thousand inhabitants, and not having already in existence a public road board, organized in accordance with the provisions of that or any other act. In 1879 it passed another act entitled a supplement to that one, by which it was provided that any and all vacancies thereafter occurring by death, resignation or other cause whatever, in any board of commissioners of any public road board lawfully created or existing in and for any county of this state, (prior to the passage of the last-mentioned act), should be filled only by election or appointment, to be made by the board of chosen freeholders of the county, &c. The defendant was appointed commissioner in 1880. If it be conceded that the act of 1879, under which he was appointed, is unconstitutional for the reason for which the law in question in State *v.* Hammer was condemned, or any other reason, and that the act of 1876 was also unconstitutional, there is, in this case, another and predominant element not found in that case, and which is, of itself, sufficient to control the decision. Reference is now made to the act passed in 1881, entitled " An act to reduce the expenses of public road boards and place them under the control of the boards of chosen freeholders of the several counties of this state." *Pamph. L.* 1881, *p.* 19. . That act (it took effect

Poinier v. Schmidt.

immediately), after providing that the commissioners constituting the county public road boards which, at the time of the approval of the act, existed, or which might thereafter exist, in any of the counties of this state under the laws thereof, should consist of members of the boards of chosen freeholders of those counties respectively, to be appointed in the same manner as the standing committees of such boards of chosen freeholders, and fixing the duration of their terms and declaring their liability to removal at the pleasure of the appointing boards and providing for their compensation, and for the political complexion of the road boards, proceeds to say that nothing in the act shall affect the tenure or compensation of any commissioner then in office and actual service as a member of any such road board; but that every such person who duly qualified and entered on the discharge of his duties on or before the first Monday in January, 1881, and had ever since been actually serving as such member, whether elected by the people or the boards of chosen freeholders, under any general or special law of this state, should be entitled to hold his office during the time for which he was so elected, provided that the act should not apply to or affect township road boards. It is obvious that if the legislature had the power to pass that act which confirms the title of the incumbent of the office, whether elected by the people or the board of chosen freeholders under any general or special law, as they had, and the defendant was within its terms, as he undoubtedly was, he is, by virtue of its provisions, entitled to the judgment of the court in his favor.

The judgment of the court below should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Depue, Dixon, Magie, Parker, Reed, Van Syckel, Clement, Cole, Green, Kirk, Paterson, Whitaker. 13.